Chief Justice Robertson,
delivered the opinion of the court.
Dorsey sued Sands in detinue for a slave and a saddle. Sands pleaded non detmet, and also that, in a suit in chancery, in the Jefferson circuit court for a rescisión of a contract between him and Dorsey, concerning the slave and the saddle, a decree was rendered in favor of Dorsey for the slave and saddle, and also for their value, to be paid in the event of their non-delivery. To the special plea, Dorsey replied, that Sands had delivered to him the saddle, but had removed the slave beyond the jurisdiction of the court.
A jury having found a verdict for Dorsey on these issues, the court set it aside, and awarded a venire de novo on the ground that the issue on the special plea was immaterial. Dorsey then filed another replication, denying that there was any such record as that alluded to in the plea, and Sands having confessed that there was no such record, withdrew the plea, and filed another, averring, that, in a suit in chancery in the Jefferson circuit court, for the rescisión of a contract for the slave and saddle, Dorsey had obtaied a decree against him for them and that the decree remained in full force. A demurrer to this plea having been overruled, and Dorsey failing to reply, judgment was thereupon rendered against him.
This record does not exhibit the record of the suit in chancery, nor any other evidence. We must, therefore, judge of the decree, from the description of it in the pleas, and we infer from the foregoing facts, that Dorsey had sold the slave and saddle to Sands, and afterwards procured a decree rescinding the contract, and reinvesting the title in himself; we are not able to determine whether there was a decree for restitution or not. But it is very evident from the course of the pleadings, that there was no decree in the alternative for the value, for if there had been, the defendant would not have confessed that there was no such decree as that described in his first special plea, and afterwards have filed the second special plea.
Where there is a decree merely rescinding a contract for a slave, without any order for restitution; the chancellor cannot compel restitution by execution pr attachment.
Averment in a, decree con- * tinues in full force,” im?hr£ithas not beenreversed. Plea of “for-should®^ave” that the^’ decree was hU° e beeTeif forced by ex-" ’ ecution, and that the wrong complained of in the declaration, is the same for which the decree was pondered. Detention of ¡a slave after a ñmition^does not constitute & nfw cmse of jn detinue, as well as in other forms of action, is good plea in har to a second suit ’ for same property between the same parties, ]
*38 Thus understanding the case, from the imperfect light shed on it in this record, we will proceed to notice the points which are presented.
1st. The last special plea on which the judgment was rendered against the plaintiff, is not sufficient to bar the action.
1st. It does not aver, that the decree was such as to entitle the plaintiff to any process to enforce it. It might have been a decree only rescinding the contract and establishing the right of the plaintiff to the slave, without any order for restitution. If so, the chancellor could not compel restitution by execution or attachment, and consequently, the appropriate remedy would be an action of detinue, in which the only effect op use ©£ the decree would be to prove the right of the plaintiff to. the slave.
2d. The plea does not aver when the decree was rendered j nor that it had not been satisfied. The avecment, that it continued in full force, imports only, that it had not been reversed. But if it had been such a decree as might have entitled the plaintiff to execution or process for contempt, it might also have been satisfied before the institution of this suit,- by a surrender ^ie s^ave’ as we^ as the saddle, and this suit may have been brought for a new detention by the defendant, after the restitution. Before such a plea should he allowed to bar such an action,, it should aver facts which would, upon any allowable hypothesis,..present a complete and certain legal bar.
The plea should have alleged, not only that the decree was such as might be enforced by execution, hut also, that the wrong complained of on the declaration was the same for which the deeree had been rendered. We do not mean to intimate, that if the decree had been for restitution, and had never been satisfied, the detention after the decree would have given a cause This we do not believe. One judgment 0f action. *n detinue, as well as in other forms of action, may be pleaded in bar to a suit for the same property between the same parties, unless the judgment had been satis. an¿ afterwards the same plaintiff, having a right to the property, the defendant had been guilty of another and different detention of it. The reason why a *39 former recovery may be a good plea in bar, applies as well to detinue as to other suits. It is two-fold;
An action oí detinue cannot be maintained upon a judgment in detinue.
1st. Because the cause of action was merged in the judgment.
2d. Because it is vexatious and unjust to harrass the same party with two suits for the same cause of action, when one maybe effectual.
When a plaintiff obtains a judgment in detinue, the ■Wrong, of which he complained, is satisfied by the judgment. And as long as the judgment stands unreversed, he cannot maintain another suit for the same wrong. If he could, he might not only have two judgments for the same thing, but judgments establishing different measures of right.
If a party be dissatisfied because his judgment is not such as he desired, he should not be permitted to hold to it and make an experiment with another suit for the same cause, under the hope of obtaining another judgment more satisfactory to him. The first judgment fixes his right. All this would be conceded in ordinary cases. But it may be supposed, that detinue should be excepted from the general rule, for two reasons:
1st. It is said that detinue cannot be maintained on a judgment in-detinue;
Sd. If the plaintiff be kept ever so long out of the benefit of his judgment, he cannot, by enforcing that judgment, obtain reparation for the protracted wrong which he has suffered after the date of his judgment.
These reasons are not sufficient to control those which forbid two suits for the same cause of action.
If, as has been decided by this court, in Foster vs. Smoot, I Marsh. 384. An action of detinue cannot be maintained on a judgment in detinue, nevertheless, there are other and adequate means for enforcing such a judgment. The original cause of action having become merged in the judgment no other suit for the same cause should be tolerated. And this too, was expressly declared to be indisputable law in detinue, as well as in other cases, by the court in this case of “Foster vs. Smoot,” supra.
Detention after judgment in detinue, furnishes no new cause of action.
Where there is a decree for restitution of a slave, aud it dies before restitution ; the value of the slave may be recoveredi but detinue is not the proper remedy.
'lfhe party first in fault cannot take advantage o'f an immatetsal ■issue.
The detention after judgment furnishes no new cause of action. No remedy has been given for such an in'cidental inconvenience, however injuriously it may happen, in extraordinary cases, to operate. But this is far from being the only “casus omissus." If it be deemed proper to allow a suit for reparation for such an injury, provision must yet he made by law. Not being able to ascertain that the right to maintain such a suit has •ever been recognised, this court having authority to declare only, and not to make the law, cannot sanction such a pretension.
Besides, if there be any remedy for detention after judgment, that remedy could not be an action of detinue, nor any other suit on the original cause of action which had been extinguished by judgment.
If there be any mode of redress it must be by a suit on the judgment.
We cannot perceive why a decree should not operate as conclusively as a judgment. Either may be enforced by execution. Both settle equally, the rights of the parties.
If the decree be for restitution, and the slave had died before a restitution, the value might have been recovered in an appropriate procedure. But detinue would not be the proper remedy.
If the decree be barely for rescisión, it would not bar, but sustain detinue. If it be also for restitution or for the value in the alternative, or even for either alone, it would bar this suit. But the plea is defective in omitting to aver that the detention complained of, is the same as that adjudicated on by the decree.
For the foregoing reasons, the circuit court ought to have sustained the demurrer to the plea on the last trial.
But the circuit court also, erred in setting aside the first verdict and ordering a new trial.
If the issue on the first trial was immaterial, the defendant committed the first fault. His plea was not good; some of the objections already suggested, would apply to this plea.
Therefore, the immateriality of the issue did not .justify a new trial, because it is an established rule. *41 that the party first in fault cannot take advantage of an immaterial issue.
Denny, for plaintiff.
Wherefore, the judgment of the circuit court is versed, and tbe cause remanded, with instructions to render judgment on the verdict returned, on the first trial, for the plaintiff.